CASE 102—ACTION FOR AN INJUNCTION—OCT. 31.

# Banks v. Frazier.

APPEAL FROM LETCHER CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.  REVERSED.

NAVIGABLE STREAMS—WHAT CONSTITUTES—INJUNCTION TO PREVENT
    ERECTION OF DAM IN STREAM NOT NAVIGABLE.

Held:    1. A stream that is not capable, during freshets, of floating
    sawlogs unaided by artificial means, is not a public highway for
    that purpose.
2. Plaintiff, the owner of land on such stream, is entitled to an in-
    junction restraining defendant from erecting a splash dam
    above his property for the purpose of accumulating a large vol-
    ume of water, in order that he may float logs when freshets
    come; it appearing that the result would be to destroy his
    dwelling house, spring and mill.

D. D. FIELDS & SON, ATTORNEYS FOR APPELLANT.

J. P. LEWIS AND IRA FIELDS OF COUNSEL.

This suit was brought by appellant against appellee to enjoin
him from operating a splash dam across Cowan creek in Let-
cher county; alleging that he was the owner of the land on both
sides of the creek including the bed or channel thereof, within
four miles of its source, and in the actual possession thereof,
that he was also the owner of a grist mill run by water power
by means of a dam across said creek and that appellee was plac-
ing in said stream above appellant's land and mill a large num-
ber of sawlogs which he was preparing to splash over and
across appellant's land by means of a splash dam which he was
erecting in said creek above appellant's mill dam and land
which would greatly increase the volume of water in said
creek above that of an ordinary tide, and that if appellee is
permitted to operate said dam and propel said logs across ap-
pellant's land, he would suffer great and irreparable injury
by reason of washing away and destroying his land, spring and
other property, and that the damage could not be estimated in
money, and would necessitate a multiplicity of suits, long,
vexatious and oppressive litigation, and unless enjoined he
would operate said dam and cause the injuries named.

Appellant also alleged that said stream is not a navigable stream.

To this petition appellee filed a demurrer which was sustained by the court, and appellant failing to plead further, his petition was dismissed, and he appeals.

We claim that this was error and insist that the petition states a good cause of action for an injunction and confidently expect a reversal of the ruling and judgment of the lower court.

### AUTHORITIES CITED.

Murray v. Preston, &c., 21 Ky. Law Rep., 72; Greenup Company v. M. & B. S. R. R., 88 Ky., 659; Hilman v. Hurley, 82 Ky., 626.

(No brief for appellee.)

OPINION OF THE COURT BY CHIEF JUSTICE PAYNTER—REVERSING.

The appellant, declining to plead further after the court had sustained a demurrer to his petition, prosecuted this appeal from the order dismissing his petition.    In considering the question involved we will assume the averments of the petition are true.    Cowan creek is a tributary of the North fork of Kentucky river.    The appellant owns a tract of land containing seventy-five acres, which is situated on both sides of Cowan creek.    He owns a small grist-mill, built in and across the creek.    He has erected a dam across it about four feet high.    On one side of the creek a precipitous cliff forms one bank of it. On the opposite side the appellant has erected a levee some distance above the mill.    The purpose of the dam is to accumulate water to run the mill.    There is a very narrow valley at the point where the mill is erected.    A little distance from the bank is the dwelling of the appellant, together with other necessary buildings.    Between the mill and the dwelling there is a spring, which is used for drinking water and other domestic purposes. The land between the bank of the stream and the dwell-

ing is almost as low as the bed of the stream.    If the
creek should overflow its banks at the point in question
it would do so on the side next to the house, because
the cliff on the opposite side would be a barrier to the
overflow on that side.    Cowan creek is about six miles
long.    The plaintiff's land is situated about four miles
from the head of the stream.    The appellee is erecting
a large splash dam, about two miles above the plaintiff's
property, in Cowan creek, with the view of accumulating
a large volume of water.    A great many logs of var-
ious kinds are being placed above the dam, so that, when
the freshets come, the appellee may be able to float them
down.    The appellee is also proposing to erect another
dam of the same kind about a mile above the plaintiff's
premises, for the same purpose for which he has erected
the other dam.    Cowan creek, even in the highest fresh-
ets, does not afford sufficient water for floating saw logs.
They could only be floated down the stream when an un-
usual quantity of water is collected by means of a splash
dam, and then by the assistance of men going along the
banks of the stream, aiding the current to carry them
down.    It is not a navigable stream.    To accumulate wa-
ter by splash dams, and thus float the logs down the
steam, it will force the water over the banks of the stream
through plaintiff's land, destroy his bottom land and his
spring, and imperil his dwelling.    It would either wash
the mill away, or change the channel at that point and
leave it on dry land.    It would thus result in practically
destroying appellant's property, and to such an extent
that he could not be compensated in money. He seeks to en-
join the appellee from accumulating the water in a large
volume and floating the logs down the stream in the man-
ner stated.

The first question arises, what are the rights of the parties where the facts exist as averred in the petition? The averment of the petition, as we have said, is that this stream can not be used for the purpose of floating logs, except by the use of artificial means. In Murray v. Preston 106 Ky., 561 (21 Ky. L. R., 72) (50 S. W., 1095), the court had under consideration what it took to constitute a navigable or floatable stream, and accepted Judge Cooley's definition of it in Booming Co. y. Speechly, 31 Mich., 336, (18 Am. Rep., 184), which is, to wit: The doctrine, then, which we derive from the cases, is that a stream may be a public highway for floatage when it is capable, in its ordinary and natural stage in the seasons of high water, of valuable public use." A stream, then, that is not capable, during freshets, unaided by artificial means, to float saw logs, is not a public highway for that purpose. It results from this that the appellant owns the land on both sides of the stream, including the bed of it. Should the appellee be permitted to float his logs down the stream in the manner described in the petition, it would result in the destruction of the appellant's property. A court of equity will not interfere to restrain one from committing a trespass when there is a complete remedy at law, except where the trespass amounts to taking the substance of the complainant's property. In that character of case a court of equity will enjoin the party from committing the wrong. In this case the appellant owns a small body of land, and has a home upon it and a spring used and needed for family purposes. The banks of the creek are sandy at this place, and the valley, as well as the spring, dwelling, and mill, might be destroyed. He could not receive compensation that would reimburse him for the loss he would sustain. From the averments

Banks v. Frazier.

of the petition it is his homestead, and he has located upon it for the comfort and support of his family.     If his dwelling, spring, and mill are destroyed, the balance of his farm will be practically useless.     It would prob- ably necessitate him establishing a home elsewhere, be- sides destroying the little business which he has estab- lished by the erection of his mill. We think, in a case like this, that an injunction is the proper remedy. But it is sug- gested that the large timber interests will be greatly in- terfered with if the property owner has within his power the right to enjoin the use of a stream in the manner re- ferred to.     That may be true; but the mere fact that one may have large property interests, and be greatly incon- venienced because he can not disregard the rights of oth- ers, is no reason why a court of equity should not ex- tend its strong arm to   protect the one having small property interests.     When one buys timber upon a stream like Cowan creek, he does not acquire the right to dis- regard the law of the land by taking private property for private purposes.

The judgment is reversed, for proceedings consistent with this opinion.