(December 31, 1903.)

## SMITH v. ALBERTA AND BRITISH COLUMBIA EXPLORATION AND RECLAMATION COMPANY.

### [74 Pac. 1071.]

INJUNCTION—WHEN SHOULD NOT BE DISSOLVED ON MOTION—NONRESIDENT OR FOREIGN CORPORATIONS MUST COMPLY WITH STATE CONSTITUTION BEFORE DOING BUSINESS IN THE STATE.—Where it is shown on motion to dissolve an injunction before answer, by the employee of the real party in interest, that his damage would result solely from stopping his work, and that the undertaking is insufficient to compensate him, the motion will be denied, he having his remedy for damages against his employer.   A foreign or nonresident corporation before doing business in this state must comply with section 10, article 11, of the state constitution.

(Syllabus by the court.)

APPEAL from the District Court of Kootenai County.   Honorable A. E. Mayhew, Judge.

Judgment on order sustaining motion to dissolve injunction, from which appellant appeals.   Judgment reversed.

The facts are fully set forth in the opinion.

Charles L. Hietman, for Appellant.

Under section 4295, Revised Statutes of Idaho, where an injunction is granted without notice, the defendant may move to dissolve the injunction, and in such case the application may

be made upon the complaint and the affidavit on which the injunction was granted, or the answer or upon affidavits upon the part of the defendant, with or without the answer. In the case at bar no application whatever was made, no moving papers whatever were filed and served, by or on behalf of the principal defendant corporation, the party who was constructing the dike or embankment, the completion of which had been enjoined. "It is an ancient and well-settled rule that where there are several defendants, all of whom are implicated in the same charge, no motion to dissolve the injunction on the ground that the equity of the bill has been denied by the answer can be made until all the defendants have answered." (10 Ency. of Pl. & Pr. 1078, citing many cases. See, also, *Noble v. Wilson*, 1 Paige, 164; *Fulton Bank v. Beach*, 2 Paige, 307; *Depeyster v. Graves*, 2 Johns. 148.) The second ground of appellant's said motion to strike was that the defendants, Burns & Jordan, who alone moved to dissolve the injunction, entered a special and limited appearance only. A party moving to dissolve an injunction must enter a general appearance. An application to dissolve a temporary injunction may be made by a defendant as follows: 1. Upon the papers upon which plaintiff obtained the injunction; 2. Or upon answer or affidavits with or without the answer; 3. Section 4295, Revised Statutes of Idaho. (*Thayer v. Bellamy, ante*, p. 1, 71 Pac. 544.) The third ground of appellant's motion to strike was that the motion of Burns & Jordan to dissolve the injunction did not specify any grounds upon which said motion would be made. It is a well-settled rule of practice that the courts will not consider any motion unless the grounds upon which it is based are specifically set forth in the motion and notice thereof, notice of which must be given to the opposite party. (*Freeborn v. Glazer*, 10 Cal. 337; *Loucks v. Edmondson*, 18 Colo. 203; *Donnelly v. Strueven*, 63 Cal. 182; *Zenith Min. Co. v. Irvine*, 32 Cal. 303; *Packer v. Doray*, 98 Cal. 315, 33 Pac. 118; *Omaha Co. v. Chauvin Co.*, 18 Mont. 468, 45 Pac. 1087; *Cupit v. Bank*, 10 Utah, 294, 37 Pac. 565.) It is well settled that an injunction will not be dissolved where the principal and real party in interest is not before the court ask-

ing for a dissolution.    (10 Ency. of Pl. & Pr. 1078, and cases
cited.)    Section 10, article 11, Idaho  Constitution; reads as
follows: "Sec. 10.    No foreign corporation shall do any busi-
ness in this state without having one or more known places of
business and an authorized agent or agents in the same upon
whom process may be served, and no company or corporation
formed under the laws of any other country, state or territory
shall have or be allowed to exercise or enjoy within this state
any greater rights or privileges than those possessed or enjoyed
by corporations of the same or similar character created under
the laws of this state."    The framers of the constitution meant
that these words should be taken seriously, and that they should
not be disregarded  and ignored by the  creatures of  foreign
states.    The defendant corporation, in the case at bar, without
license and without authority, engages in the construction of an
extensive  work in  this  state; a work  which changes the to-
pography of a considerable section of country, and which must
necessarily, from the facts as testified to in this cause, and from
the precedent established by a former work of a similar char-
acter at a greater distance from the lands of the plaintiff, in-
flict great loss and damage to, if not total destruction of, the
property of the plaintiff and other citizens of the United States
in the Kootenai valley.    And yet the same corporation refuses
to recognize the simple and just requirements of our state con-
stitution, and to place itself in such a position as would enable
any of our citizens, wronged by the contractual or tortious acts
of the defendant, to bring  the defendant within the jurisdic-
tion of our courts where relief might be  obtained.    Constitu-
tional provisions regulating foreign corporations will be en-
forced.    (*Paul v. Virginia,* 8 Wall. 168, 19 L. ed. 357; *New
York v. Roberts,* 171 U. S. 662, 19 Sup. Ct. Rep. 58, 43 L. ed.
324; *Williams v. Mining Co.,* 96 Fed. 454.)    The state will
protect its own citizens, and if any preference is to be shown
in its courts, that preference will be given to our own citizens.
(*Barnett v. Kinney,* 147 U. S. 477, 13 Sup. Ct. Rep. 403, 37
L. ed. 248; *Security Trust Co. v. Dodd-Mead & Co.,* 173 U. S.
625, 19 Sup. Ct. Rep. 545, 43 L. ed. 835; *Happy v. Prickett,*

24 Wash. 290, 64 Pac. 529; *Thum v. Pyke,* 8 Idaho, 11, 66 Pac. 157; Cook on Stock and Stockholders, 3d ed., sec. 867; *Halsted v. Straus,* 32 Fed. 279.) The supreme court of Georgia, in the case of *O'Connell v. Railway Co.,* 87 Ga. 246, 27 Am. St. Rep. 246, 13 S. E. 489-493, 13 L. R. A. 394, in an elaborate opinion, lays down the rule that no company or individual can erect an embankment along the margin of a river, the accumulated waters of which, in times of flood, had previously escaped on that side, it being lower than the other, but which thereafter, and because of the embankment, overflowed the opposite side more than it had done before, and thus injured the lands there situate. The owner has a right of action against the company or individual constructing the embankment. The lands of the defendant corporation in British Columbia immediately south of the international boundary line between Canada and the United States are lower than the lands of the plaintiff in Idaho, and the waters of Boundary creek and the big slough naturally and originally flowed northward off and away from the lands of the plaintiff and from the lands of the defendant. Therefore, a natural easement existed in favor of the plaintiff, he being the owner of a higher tract, to have the water flow over the lands below, and he undoubtedly has the right to have the waters in the stream mentioned flow in their original channel, and defendants have no right to deflect the course of said streams and divert the waters therein in such manner as to flood and thereby damage the lands of the plaintiff. (*Gray v. McWilliams,* 98 Cal. 157, 35 Am. St. Rep. 167, 32 Pac. 976, 21 L. R. A. 593; *Shields v. Arndt,* 4 N. J. Eq. 234; *Rudell v. Los Angeles, Co.,* 118 Cal. 282, 50 Pac. 400; *Learned v. Castle,* 78 Cal. 454, 18 Pac. 872, 21 Pac. 11; *Railroad v. Eisentraut,* 134 Ill. 96, 24 N. E. 760; *Railway v. Thillman,* 143 Ill. 127, 36 Am. St. Rep. 359, 32 N. E. 529; *Grant v. Kuglar,* 81 Ga. 637, 12 Am. St. Rep. 348, 8 S. E. 878, 3 L. R. A. 606; *Tillotson v. Smith,* 32 N. H. 90, 64 Am. Dec. 355; *Merritt v. Parker,* 1 N. J. L. 530; Gould on Waters, sec. 213; *Norris v. Glenn,* 1 Idaho, 590; *Noyes v. Cosselman,* 29 Wash. 635, 92 Am. St. Rep. 937, 70 Pac. 61.) The diversion or obstruction of a water-

course has been the subject of frequent equitable interference by way of injunction, both in England and in America. (Gould on Waters, sec. 534, and cases cited; *Treat v. Bates,* 27 Mich. 390.) Where the complaint alleges great and irreparable injury to growing crops and that the damage cannot be justly estimated, injunctive relief is the proper remedy. (*Wilson v. Eagleson, ante,* p. 17, 71 Pac. 613.) Under section 4288, Revised Statutes, a temporary injunction is authorized to restrain a trespass. Injunction is largely a matter of right under Idaho statute. (*Staples v. Rossi,* 7 Idaho, 618, 65 Pac. 67.) This is a suit for equitable relief alone, and the interference of the court by injunction is the sole relief sought. To dissolve a temporary injunction in a case like the one at bar is to decide the case on the merits, which leaves the plaintiff during the litigation absolutely without protection. (*Africa v. Board etc.,* 70 Fed. 740; *Friedlander v. Ehrenworth,* 58 Tex. 350; 2 Spellman on Injunctions, sec. 1057.) The fourth specification of insufficiency of the evidence is to the effect that all of the defendants are nonresidents of this state and have no property whatever in the state. That the damage to plaintiff's lands by reason of the construction and maintenance of the proposed dike will be in the nature of a trespass on real estate, and that plaintiff can maintain no action for damages against any of the defendants without the state of Idaho, and that it would be practically impossible for him to obtain jurisdiction of the persons of the defendants in order to institute action for damages in the Idaho courts, and he would be without any remedy. An action of trespass for flowing lands is local, and a local action must, of course be brought, not only within the state, but also within the very county where it arose. (Cooley on Torts, 2d ed., 471.) That actions for trespass on lands in a foreign country cannot be sustained is settled law in England and in the United States. (Cooley on Torts, 2d ed., 472, citing many cases.) The decision of Chief Justice Marshall in the famous case of *Livingston v. Jefferson,* 1 Block, 203, 4 Hughes, 606, Fed. Cas. No. 8411, has been followed by all courts. A state court has no jurisdiction of an action by one nonresident against another for trespass on land outside the state, since such an action is

local. (*Morris v. Missouri Pac. Ry. Co.*, 78 Tex. 17, 22 Am. St. Rep. 17, 14 S. W. 228, 9 L. R. A. 349; 12 Ency. of Pl. & Pr. and cases cited.) The injunction should have been continued to the hearing of the case on the merits. The dissolution of the temporary injunction was equivalent to dismissal of the action, and the granting of which could not prejudice or impair the rights of the defendants. Furthermore, there was neither answer nor affidavit denying the equities of the bill of complaint. (*Porter v. Jennings*, 89 Cal. 440, 26 Pac. 965; *Marks v. Weinstock Co.*, 121 Cal. 53, 53 Pac. 362; *Attorney General v. Cohoes Co.*, 6 Paige, 133, 29 Am. Dec. 755.) A motion to dissolve a temporary injunction based on an affidavit denying certain allegations in the complaint and making other allegations where no answer has been filed will be denied. The equities of the bill must be met fairly and squarely, and not evasively. (*Marks v. Weinstock Co.*, supra; 2 High on Injunctions, secs. 1062, 1475.) Appellant submits that the order of the court below dissolving the injunction should be reversed.

John B. Good, for Respondents, files no brief.

STOCKSLAGER, J.—The plaintiff, appellant here, filed his action in the district court of Kootenai county alleging that he was the owner of three hundred and twenty acres of land in said county, situated one and one-half miles south of the international boundary line between the United States and the Dominion of Canada; said land is situated on the Kootenai river, two hundred acres of which is valley land and is valuable for hay, vegetables and pasture, and has an annual value of about $1,000; he further alleges that said land is valuable for fruit and that he has about two hundred fruit trees of various kinds, worth about $5 each; that he has built a dwelling-house, barns, cattle-sheds and fences on said land of the value of at least $1,000. Then follows an allegation that the Alberta and British Columbia Exploration and Reclamation Company is, as plaintiff is informed and believes, a corporation or association created, organized and existing under the laws of England, but the exact title of this company or association is unknown to

plaintiff, but it holds itself out to the public in the name here-inbefore stated; that said company is now engaged in construct-ing a very extensive work near the international line between the United States and Dominion of Canada in the valley of the Kootenai river, near Port Hill in said county, below and near the lands of plaintiff. That said work and proposed work consists of a dike or embankment beginning at a point on the Kootenai river opposite Port Hill on the said international boundary, extending south from said international boundary and along the bank of said Kootenai river and parallel thereto about two miles to a point about one mile north of plaintiff's land, and from thence in a northwesterly direction across the valley of said river to the foot of the mountain adjoining said valley; that said dike or embankment crosses or proposes to cross Boundary creek, a stream of considerable size, which in its original channel flows through and across a portion of the said Kootenai county, state of Idaho, into the Dominion of Canada, and which crosses in its original channel the international boundary line at a point about one and one-half miles north from the lands of the plaintiff; that the effect of the construc-tion of said dike across said Boundary creek will be to dam up the water of said creek and divert it from its original channel and throw the said waters onto the territory of the United States, and onto the lands of the plaintiff, in such manner as to submerge and overflow said lands to such an extent as will annually greatly damage or entirely destroy his crops of hay and vegetables and unfit said land for pasturage; that said work is now in process of construction in Kootenai county, and said work is being done by Edward F. Burns and John Jordan, who are, or claim to be, the contractors operating under the firm name of Burns & Jordan, and are now actively engaged with a large number of men and horses in Kootenai county in the con-struction of such work, and the said Burns & Jordan intend to complete said work in the near future.

That the effect of the completion of said work will be not only to annually greatly damage or entirely destroy the said crops of hay and vegetables and destroy the value of said land for pas-turage, but that they will destroy the value of his lands for

home purposes; that in the year 1896 the said defendant, the Alberta and British Columbia Exploration and Reclamation Company, constructed a dike or embankment beginning at a point on the Kootenai river opposite Port Hill and extending thence across the Kootenai valley westward across Boundary creek to the foot of the mountain adjoining said valley, which dike was similar to the one now proposed, and that the effect was to cause the waters of said river and said Boundary creek to overflow the lands of the plaintiff early in the spring, greatly to his damage by destruction of his hay crop and pasture during that and following seasons, until said dike was broken in different places by the force of the waters, etc.; that the defendant, Alberta and British Columbia Exploration and Reclamation Company, a corporation or association, is, as plaintiff is informed and believes, composed entirely of foreigners and nonresidents of the United States, and that the said company or corporation and the individuals composing it have no property of any kind or character within the United States; that there is no person in the county of Kootenai or in the state of Idaho, as plaintiff is informed and believes, authorized to represent said company, corporation or association as defendant's agent or other officer upon whom process issuing out of the courts of Idaho or of the United States can be served; that the defendants, Burns & Jordan, are, as plaintiff is informed and believes, nonresident of the state of Idaho, and have no property of any kind or character within the county of Kootenai or state of Idaho.

Plaintiff prays that the defendants, and each of them, be restrained and enjoined from construction of said dike or embankment, for costs, etc.

A summons was served upon Edwards F. Burns, a member of the firm of Burns & Jordan. Service was never made on the Alberta and British Columbia Exploration and Reclamation Company. On the twenty-eighth day of October, 1902, an order of injunction was issued, restraining all the defendants from further work on the dike or embankment until the further order of the court, conditioned that plaintiff should file a good and sufficient undertaking in the sum of $4,000, to be

approved by the clerk of the court. On the seventh day of November, 1902, this undertaking was filed and a writ issued by the clerk in compliance with the order of the court or judge. On the 8th of November the writ was served on Burns & Jordan, and on the 11th on A. E. Hutchinson, engineer for the defendant company. On the 13th of November John B. Good, appearing for Burns & Jordan, filed a demurrer to the complaint, to wit: 1. That the court has no jurisdiction of the persons of the defendants, or the subject of the action; 2. That there is a misjoinder of parties defendant; 3. That the complaint does not state facts sufficient to constitute a cause of action; 4. That the complaint is ambiguous, unintelligible, and uncertain in this, that said complaint does not sufficiently describe said work complained of nor its location, nor does it appear what portion of said work, whether in the county of Kootenai, state of Idaho, or Dominion of Canada, will cause the alleged threatened injury to plaintiff.

November 13, 1902, defendants, Burns & Jordan, filed their motion entering a "special and limited appearance herein for the purpose of this motion, and for such purpose only and not otherwise," and moving the court to dissolve the injunction. The motion was made upon the records and files and upon the affidavits of N. D. Miller, A. Klockmann and John Jordan attached to the motion and the affidavits of —— Alexander and —— Byrne, thereafter to be served. On November 19, 1902, the cause came on to be heard at chambers at Wallace, Idaho, on the motion of Burns & Jordan to dissolve the injunction.

The motion was read, whereupon plaintiff's attorney before the reading of any affidavits or the introduction of any oral evidence in behalf of defendants, Burns & Jordan, presented to the court a motion to strike from the files the motion and notice of motion and supporting affidavits to dissolve the injunction, to wit: 1. That the defendant, the Alberta and British Columbia Exploration and Reclamation Company, or corporation, has not entered any appearance whatever, and the said corporation is the real defendant herein, Burns & Jordan being contractors of or employees under the said corporation; 2. That the defendants, Burns & Jordan, for the purposes of

the motion entered a special and not general appearance; 3. That the notice and motion to dissolve the injunction does not specify any grounds upon which said motion to dissolve will be heard.

This motion was overruled and plaintiff excepted. Thereafter a great volume of evidence was introduced, both oral and written, beginning with page 29 of the record and closing on page 163. We do not deem it necessary to review this evidence in disposing of this case.

On November 28, 1902, the court sustained the motion of the defendants, Burns & Jordan, to dissolve the injunction, and caused to be entered an order accordingly. Appellants objected to the consideration of the motion of Burns & Jordan and also to the consideration of the affidavits in support of their motion, or any evidence in support thereof, by what he terms a "motion to strike from the files the motion and notice of motion and supporting affidavits to dissolve the injunction."

We have carefully considered this objection or motion in the light of the evidence introduced on the hearing of the motion to dissolve the injunction, and it occurs to us that under the showing made by the affidavits supporting the motion, if the defendants who were in court were entitled to relief of any kind it was an additional undertaking. It is shown by the affidavit of defendant Burns that the damage to his firm by stopping the work was $500 per day. If, under any circumstances, this damage was recoverable from the plaintiff, the court or judge could, and doubtless would, have required the plaintiff to give an additional undertaking upon a sufficient showing. It is not shown that any objection was offered to the form or sufficiency of the undertaking; hence the court was powerless to act, or at least was not called upon to do so. The defendants, Burns & Jordan, as the employees of the defendant corporation, had their remedy against it for any damage they might sustain by reason of this injunction. It was the duty of the corporation to move to dissolve the injunction and protect their employees in their contract. Had the corporation submitted itself to the jurisdiction of the court, it had its remedy by asking the court to require the plaintiff to

give such undertaking as would secure it against all loss and damage it might sustain until the action could be finally disposed of. This would have included any damage they might sustain as a corporation or be responsible for to their employees.

The principal defendant and the real party in interest in this litigation—the corporation—has never complied with section 10, article 11 of our constitution. It provides: "No foreign corporation shall do any business in this state without having one or more known places of business and an authorized agent or agents in the same upon whom process may be served, and no company or corporation formed under the laws of any other country, state or territory shall have or be allowed to exercise or enjoy within this state any greater rights or privileges than those possessed or enjoyed by corporations of the same or similar character created under the laws of this state."

This defendant seems to have depended upon its employees to defend this action, not only upon their own part, but as well for it. It has not even favored this court with a brief to aid it in arriving at a determination of the issues involved.

In our opinion the firm of Burns & Jordan had their legal remedy against their employers for any damage they might sustain by reason of this injunction, and it was the duty of the real defendant to comply with the constitution and laws of this state, and after so doing pursue their legal remedy as a corporation rather than by their employees.

The order of the court sustaining the motion to dissolve the injunction is reversed and cause remanded to the lower court for further proceedings in harmony with the views herein expressed. Costs to appellant.

Sullivan, C. J., and Ailshie, J., concur.