(December 11, 1906.)

## A. P. POWELL, Appellant, v. THE SPRINGSTON LUMBER COMPANY, a Corporation, Respondent.

### [88 Pac. 97.]

DISTRICT COURT RULES—ORDER SUSTAINING MOTION IN DISTRICT COURT—PRESUMED TO HAVE BEEN MADE ON SOME GROUND STATED IN MOTION—INJUNCTION—MUST ISSUE WHEN SUMMONS ISSUES—NAVIGABLE STREAMS—RIGHTS OF THE PUBLIC THEREON.

1. The supreme court will not take judicial notice of the rules adopted by the district judges of the several districts of the state.

2. Where a rule of court in force in the district court is relied upon on appeal, it must be embodied in the record and presented to the appellate court the same as any other matter brought up by the record.

3. Where a moving party designates certain specified grounds in his motion, and the trial court grants the motion without specifying any ground upon which the same was granted, the appellate court will assume, as a matter of course, that the motion was granted upon some ground named therein, and if the order cannot be sustained on any ground named in the motion, it will be reversed.

4. Where the district judge granted a temporary injunction at the time of filing the complaint and the issuance of the summons, and thereby directed the defendant to appear at a time and place specified to show cause why the injunction should not be continued in force *pendente lite,* and the sheriff was unable to find the defendant corporation's statutory agent or anyone upon whom service of process might be made, and returned the writ unserved, and the judge thereupon issued a second order in the same form and to the same effect as the first, with the exception that the time fixed for the defendant to appear and show cause was extended to a more remote period, and such second order was returned unserved for the same reason given for failure to serve the first, and a third order was granted in the same form and to the same effect, except that the time for appearance was extended still further, and this latter order was duly served, the fact that no affidavits were filed prior to the issuance of the second and third orders is not a sufficient or legal ground for dissolving the injunction as being in violation of section 4289, Revised Statutes.

5. ID.—In such cases the legal discretion of the court has already been invoked and exercised in the first instance, and the

subsequent orders amount in substance and effect to nothing more than an extension of the time in which the defendant is required to appear and show cause.

6. Navigable streams are public highways over which every citizen has a natural right to carry commerce in the mode, manner and by the means best adapted to serve the purposes of the commerce in which he is engaged. In so doing he must have due consideration and reasonable care for the equal right of every other citizen upon the waters of such stream.

7. The construction and use of booms is a necessary adjunct to the floating of logs, and the right to float logs down a stream carries with it the necessarily resultant right of employing some reasonable means for intercepting them at their destination.

8. Under the provisions of section 835 of the Revised Statutes, it is made unlawful for any person to construct a dam or boom on any creek or river of this state without connecting therewith a sluiceway, lock or fixture sufficient to permit timber to pass around, through or over the same without unreasonable delay or hindrance.

9. One who constructs a boom or obstruction "across" a navigable stream of this state so as to "prevent" others driving logs past such boom or obstruction is liable in an action to abate the same as a nuisance and for damages caused by its maintenance.

(Syllabus by the court.)

APPEAL from the District Court of First Judicial District for Kootenai County. Hon. Ralph T. Morgan, Judge.

Action by the plaintiff for an injunction restraining defendant from maintaining a boom and obstruction across the Coeur d'Alene river and for damages. Temporary injunction issued, and thereafter dissolved on motion of the defendant. Plaintiff appealed from the order dissolving the injunction. *Reversed.*

John P. Gray and A. A. Crane, for Appellant.

Under the facts as set forth in the complaint and under the statutes of this state, the complainant was entitled clearly to the relief for which he asked. (Rev. Stats., sec. 835.)

All obstructions to the free use of navigable streams are prohibited by the law of the land. (Angell on Watercourses, 554; *Hart v. Albany,* 9 Wend. 571, 24 Am. Dec. 165.)

Any obstruction of a channel of a navigable stream which entirely impedes the natural and free passage of logs is *prima facie* unlawful and wrong. (*Watts v. Tattabawassee Boom Co.*, 52 Mich. 203, 17 N. W. 809.)

A boom company chartered to take and hold logs or persons desiring its services is bound to see that as to other log owners having lumber intended to be driven below the dam, the passage is not obstructed by the boom, and they are not justified in stopping by their boom any lumber except that which is destined to be stopped there. (*West Branch Boom Co. v. Dodge*, 31 Pa. St. 285.)

Riparian owners cannot, though they may own both sides of a navigable stream, construct booms entirely across the stream, since such booms would obstruct navigation. (*Stevens Point Boom Co. v. Reilly*, 46 Wis. 237, 49 N. W. 978; *Kretzschmar v. Meehan*, 74 Minn. 211, 77 N. W. 41.)

In the absence of statutory authority there is no right to block a navigable stream by booms. (*Enos v. Hamilton*, 24 Wis. 658; *United States v. Bellingham Bay Boom Co.*, 176 U. S. 211, 41 L. ed. 437, 20 Sup. Ct. Rep. 343.)

Courts of equity have jurisdiction to protect the rights of persons infringed upon by an obstruction to a navigable stream where the remedy at law is inadequate. (*Carl v. West Aberdeen Land & Imp. Co.*, 13 Wash. 616, 43 Pac. 890; *Stevens v. Point Boom Co. v. Reilly*, 46 Wis. 237, 49 N. W. 978.)

McClear & Burgan, for Respondent.

The allegations of the complaint do not state a *prima facie* right for the injunction, and do not allege any violation of the rights contemplated by section 835, Revised Statutes, and even though they were violated, the plaintiff has a plain, speedy and adequate remedy at law under section 836, Revised Statutes.

Section 4289, Revised Statutes, states: "The injunction may be granted at the time of issuing the summons, upon the complaint, and at any time afterward, before judgment, upon

affidavits.   This of itself seems to be enough to show that the
court could only grant an injunction after summons was is-
sued upon affidavits showing that the same cause of action
existed at the time the injunction was asked for as existed at
the time the complaint was filed and summons issued.
(*Falkenberg v. Lucy,* 35 Cal. 52, 95 Am. Dec. 76; *Smith v.
Sterns Rancho Co.,* 129 Cal. 58, 61 Pac. 662.)

### STATEMENT OF FACTS.

This is an appeal from an order dissolving a temporary re-
straining order issued upon the complaint.   The plaintiff al-
leges that the defendant is a corporation maintaining and
operating a sawmill at Springston, on the Coeur d'Alene river,
in Kootenai county; that the plaintiff resides at Harrison at
the mouth of the Coeur d'Alene river, and is engaged in the
timber business; that the plaintiff is the owner of a large
quantity of logs that have been cut on the Coeur d'Alene
river and its tributaries above Springston, which he desires
to float and drive down the Coeur d'Alene river to the mills
at Harrison.   He also alleges that he is engaged to drive a
large quantity of saw timber belonging to other persons and
corporations down the river for a consideration.   It is also
alleged that the Coeur d'Alene river is a navigable stream and
serves an important public use, and has been used for float-
ing timber and sawlogs and for other general purposes for a
great many years.   Paragraph 4 of the complaint charges
the defendant with wrongfully, willfully and unlawfully ob-
structing the stream, and preventing either the free or rea-
sonable use thereof for purposes of floating logs and timbers,
or any other purpose, and is as follows: "That the defendant
wrongfully, willfully and without any right to do so, has
created, maintained and constructed across the said Coeur
d'Alene river at the said town of Springston, which is situated
about three miles from the mouth of said Coeur d'Alene river,
a series of obstructions so as to prevent the floating of said
logs of plaintiff or any logs down said stream past the said
point where said obstructions are situated.   That said ob

structions consist of a boom and certain piling driven along the shore and in the river, by means of which obstructions all the logs coming down said river are stopped and taken from their natural course down the current of said stream and diverted and held in said boom of defendant.'' It is also alleged that at the time of the commencement of the action defendant wrongfully and unlawfully detained in its boom one hundred and twenty-six sawlogs and one boom stick belonging to the plaintiff, and that the defendant, by obstructing the stream and preventing the floating of logs past its boom, is causing plaintiff a damage of twenty dollars each day, and that such obstruction has been maintained from the first day of March, 1906, to the date of filing the complaint on June 28, 1906.    Plaintiff prays for an injunction restraining and enjoining the defendant from further maintaining any obstruction in the stream so as to prevent the passage of logs and timber and for damages.    Upon the commencement of this action and upon the verified complaint therein, the court issued a temporary injunction enjoining and restraining the defendant from the further maintenance of the obstruction in the stream.    This writ was delivered to the sheriff, who thereafter returned the same unserved, for the reason that he was unable to find any officer or agent of the defendant corporation within the state upon whom he could serve the same.    On the twenty-eighth day of July, another and further order in the same form and to the same effect as the first was issued by the district judge, and the same was thereafter returned by the sheriff unserved, for the same reason as given for the failure to serve the first order.    Thereafter, and on the eleventh day of August, a further and third order was issued by the trial judge in the same form and to the same effect as the previous orders, and this order was thereafter duly and regularly served upon the defendant corporation.    The defendant immediately thereafter moved the court upon the records and files for an order dissolving the temporary injunction upon two grounds: 1. That no motion was made to keep the same in force as required by rule

19 of the rules of practice of the district court in and for the first judicial district; and 2. That the restraining order issued on August 11, 1906, was and is in violation of the statutes of the state of Idaho, section 4289, Revised Statutes of 1887, in this, that if granted after the time summons is issued it must be on affidavits. This motion was granted by the court and the injunction was dissolved. It does not appear in the order made by the judge upon which ground the motion was granted, or whether on both grounds.

AILSHIE, J. (After making statement of the case.)— Since the judge specified no grounds on which he based his order dissolving the injunction, it must be assumed upon this appeal that it was made on either one or both of the grounds named in the motion. The first ground, that no motion was made to keep the order in force as required by rule 19 of the rules of practice of the district court, is untenable here, for the reason that we cannot take judicial notice of what rules have been adopted by the district court. (Rev. Stats., sec. 5950; *Dours v. Cazentree,* McGloin (La.), 257; 11 Cyc. 739-744.) The rule relied on has not been brought to this court in the record, and we are therefore not informed as to its provisions. We doubt, however, if any valid rule could be enforced that would justify dissolving an injunction under this paragraph of the motion. The next ground assigned in the motion is equally untenable. It is contended by respondent in justification of the order of the court that under section 4289, Revised Statutes, where an injunction is granted on the complaint alone, it must be granted at the time the summons issues, and that it can never be granted thereafter upon the complaint alone. We think that contention is substantially correct, and in conformity with the provision of the statute. (*Thayer v. Bellamy,* 9 Idaho, 1, 71 Pac. 544.) The facts and circumstances of this case do not bring it within the prohibition of the statute. Here three several orders of injunction and as many writs were issued, but they were all in the same form and to the same effect, and the second and third amounted to nothing more than an extension of the time

in which the defendant was required to show cause. The discretion of the court was brought to bear and was exercised at the time the summons was issued, and the judge issued the first injunction ordered. At that time he exercised the discretion vested in him to grant a temporary injunction. This order was timely issued, and only needed to be brought to the knowledge and notice of the defendant in order to be binding and obligatory upon it. The officer was unable to serve the writ issued under this order prior to the time named therein for the defendant to show cause. Upon the return of the writ showing that it had not been served on account of the inability of the officer to find the defendant's statutory agent, the court in substance merely extended the time previously designated for the defendant to show cause, and the same thing was done upon the return of the second order and writ unserved. It is true a new order was issued and a new writ under the seal of the court was delivered to the officer, but the only act performed by the judge in these instances was that of extending the time and naming a new date on which the defendant should show cause. This was not a violation of the provisions of section 4289, Revised Statutes, nor was it a violation of any other provision of law that has been brought to our attention. If the contention of the respondent in this case were correct, it might seldom be possible for a plaintiff to get a valid injunction issued upon his complaint, for although the order and injunction might be issued and a time fixed for the defendant to appear and show cause, nevertheless, under this condition, if the defendant could avoid service until after the expiration of the time designated in the order, the plaintiff would be unable to secure another order or extension of time without filing affidavits in support of his complaint. No good reason exists for such a practice and the law does not require it.

The appellant has devoted a large part of his brief to a discussion of the sufficiency of the equities pleaded to sustain the action of the court in granting an injunction thereon. The trial judge held that the complaint when filed did disclose such equities as would authorize the issuance of an in-

junction. The sufficiency of the complaint or the exigency disclosed by the facts pleaded was not attacked by the motion to dissolve the injunction, nor was the order based on any such assumption. Since, however, counsel for respondent have argued on this appeal that "the complaint does not state a *prima facie* right for injunction," we will consider its sufficiency to the extent of determining whether or not it will support an injunction order. In this connection it is only necessary to determine the extent of plaintiff's rights in the waters of the Coeur d'Alene river, which is alleged to be a navigable stream, and the measure of duty the defendant, in the enjoyment of its rights, owes the plaintiff. Navigable streams are public highways, over which every citizen has a natural right to carry commerce, whether it be by boats or the simple floating of logs. The appellant has an undoubted right to float his logs and timber down the Coeur d'Alene river, but in doing so he must have due consideration and reasonable care for the equal right of defendant. On the other hand, defendant has an unquestionable right to embark in the same or any other lawful transportation business on the waters of that stream. (1 Farnham on Waters and Water Rights, 154-161.) The construction and use of booms is a necessary adjunct to the floating of logs; without them it would frequently be impossible to deliver the logs where wanted for use. The right to float logs down a stream carries with it the necessarily resultant right of employing some reasonable means for intercepting them at their destination. The right of a riparian owner to use a stream implies the necessity as well as right to pass from the shore to the navigable waters of the stream, and this in turn must require some effective means or medium by which to reach such point for loading or unloading the commercial and floatable commodity. This is the rule of law on which we decided the case of *Small v. Harrington,* 10 Idaho, 499, 79 Pac. 461, cited by respondent, in which Mr. Justice Stockslager, speaking for the court, said: "No one has the right to arbitrarily obstruct a stream to the detriment or injury of his neighbor. Each one is entitled to the free and reasonable use of the navigable streams of this state, and may

place such reasonable obstructions on the stream, so long as they serve a useful and beneficial purpose, and leave a reasonable use for others interested. . . . . If an obstruction impairs or renders more difficult the navigation, without destroying it, an individual has no rightful cause for complaint, because he has no right to insist on the best possible accommodation.'' In the case at bar it is charged that defendant has built its boom and obstructions ''across'' the stream so as to ''prevent'' others driving logs past such boom and obstruction. This is unlawful, and in violation of the natural rights of plaintiff and every other citizen who desires to use the stream for purposes of navigation (*Stevens Point Boom Co. v. Reilly*, 46 Wis. 237, 49 N. W. 978), and is specifically forbidden by section 835, Revised Statutes, in the following language: ''No dam or boom must be hereafter constructed or permitted on any creek or river, unless said dam or boom has connected therewith a sluiceway, lock or fixture sufficient and so arranged as to permit timber to pass around, through or over said dam or boom without unreasonable delay or hindrance.''

It is argued by counsel for respondent that since plaintiff has failed to specifically allege that the defendant has not connected with his boom any sluiceway, lock or fixture to permit the floating of logs around or through the boom without unreasonable delay, that the complaint for that reason is insufficient to support an injunction. The condition of this case does not make it necessary for us to pass upon the burden of pleading in this instance, but it would seem, however, that the necessity for pleading a negative does not fall upon the plaintiff in this case, but rather upon the party who relied upon his compliance with the exception. Here the plaintiff has charged the defendant with having constructed and maintained such boom and obstruction ''across'' the stream so as to effectually ''prevent'' floating of logs past such obstruction, and that this condition had existed for a period of nearly four months prior to filing the complaint. This, at least, in the language of respondent's counsel, ''made a *prima facie* case for the plaintiff,'' and if the defendant has in fact pro-

vided sluiceways or locks in conformity with the statute, it may show that fact at the proper time. Respondent further contends that under the provisions of section 836 of the Revised Statutes, the plaintiff could not maintain his action until after he had given thirty days' notice as provided by that section. Section 836 is as follows: "Any boom or weir in or over any creek or river so constructed as to prevent the .passage of logs or lumber is a public nuisance, which may be abated unless a suitable sluiceway, lock or passage be made thereon, within thirty days after written notice given by any person interested, and any person owning, holding or occupying such boom or weir is liable to pay five dollars for every day the same remains in or over said creek or river, after thirty days' notice to remove the same, and be liable for any damages sustained by individuals by reason of said boom or weir." Respondent misapprehends the meaning and purpose of this latter section. The legislature passed the statute containing the present sections 835 and 836 on February 5, 1885. By provisions of section 835 it was intended to prevent any dam or boom being constructed or erected after the passage of the act, without being first provided with sluiceways, locks or fixtures as provided by the act. But prior to the passage of that act there had been constructed a number of dams and booms in various streams of the territory, without being connected either with sluiceways or locks, and it was the purpose of section 836 to allow the owners of all such booms or dams or weirs as had been previously constructed a period of thirty days after receiving notice from any person interested in which to make the necessary alterations and construct a sluiceway, lock or fixture in conformity with the statute. This construction is made perfectly clear by reverting to the act of February 5, 1885 (Sess. Laws 1885, p. 178), as by doing so it will be seen that in copying section 7 of the act which corresponds with section 836 of the Revised Statutes, three words have been left out, and the section as originally enacted commences as follows: "Any boom or weir that is now in or over any river," etc. No contention is made in this case that the obstruction in the Coeur d'Alene river is one that was placed

there prior to the passage of the act of February 5, 1885. Of course if it should develop upon the further hearing of this case that that is the fact, then the defendant would undoubtedly be entitled to the thirty days' notice before it would be liable in an action under the statute.

The complaint charges the defendant with violating a plain and undeniable equity vested in plaintiff, and one which must properly appeal to the sound discretion of a court of equity.. The motion made in the lower court to dissolve the injunction should have been denied. The order dissolving the temporary injunction is reversed and the cause remanded for further action in conformity with the views herein expressed. Costs awarded to appellant.

Stockslager, C. J., and Sullivan, J., concur.