(October 16, 1909.)

# EDWARD N. LA VEINE, Sr., Appellant, v. STACK-GIBBS LUMBER COMPANY, W. W. BIBERSON and JOE POTTS, Respondents.

### [104 Pac. 666.]

NONFLOATABLE STREAMS—ERECTION OF DAMS—TRESPASS.

   1. Every person has a right to float logs down any stream in this state that is sufficient in volume to float and carry such commodity, but he has no right whatever to enter and trespass upon the lands through which such stream flows, and erect dams or other obstructions in such stream in order to increase the volume of water therein for floating or any other purposes. A stream that is not capable of carrying logs without the construction of dams for flooding purposes is not navigable for the floating of logs.

(Syllabus by the court.)

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. W. W. Woods, Judge of the First District, presiding.

Action by plaintiff for injunction. Temporary order granted and subsequently modified and suspended. Plaintiff appealed. *Reversed.*

E. N. La Veine, for Appellant.

A stream which can only be made floatable by artificial means is not a public highway for the floatage of logs. (*Moore v. Sandborne,* 2 Mich. 519, 59 Am. Dec. 209; *Haines v. Hall,* 17 Or. 165, 20 Pac. 831, 3 L. R. A. 609; *Banks v. Frazier,* 111 Ky. 909, 64 S. W. 983; *Wadsworth v. Smith,* 11 Me. 278, 26 Am. Dec. 525; *Treat v. Lord,* 42 Me. 552, 66 Am. Dec. 298; *Heyward v. Farmers' Mining Co.,* 42 S. C. 138, 46 Am. St. 702, 19 S. E. 963, 20 S. E. 64, 28 L. R. A. 42.)

Periodical fluctuations must be attributable to natural causes, and occur as regularly as the seasons. Sudden and irregular freshets, however high the waters may become, will not make a stream a floatable one. (*Morgan v. King,* 35

N. Y. 454, 91 Am. Dec. 58; *Parker v. Hastings,* 123 N. C. 671, 31 S. E. 833; *Hubbard v. Bell,* 54 Ill. 110, 5 Am. Rep. 98.) User of an easement is not adverse, where the party using it pays rent for the privilege. (22 Am. & Eng. Enc. Law, 2d ed., 1200.) A prescriptive right to the use of water cannot be acquired with the use thereof with the consent or permission of the owner, or where the statute law requires him to let others use it. (*Hall v. Blackman,* 8 Ida. 272, 68 Pac. 19.)

The obstruction of a natural watercourse by a dam, causing the waters to overflow the land of another, may be enjoined at the suit of the latter. (*Hastie v. Jenkins* (Wash.), 101 Pac. 495.) Many trespasses are now enjoined in which the injury would fall far short of destroying the property, or of rendering its restoration to its original condition impossible. The injunction is granted, not merely because the injury is essentially destructive, but because, being continuous or repeated, the full compensation for the entire wrong cannot be obtained in one action at law for damages. (*Hallock v. Suitor,* 37 Or. 9, 60 Pac. 384; *Gilpin v. Sierra Nevada Con. Min. Co.,* 2 Ida. 696, 23 Pac. 547; *Staples v. Rossi,* 7 Ida. 618, 65 Pac. 67; *Meyer v. First Nat. Bank,* 10 Ida. 175, 77 Pac. 334; *Shields v. Johnson,* 10 Ida. 454, 79 Pac. 394; *Shephard v. Coeur d'Alene Lumber Co.,* 16 Ida. 293, 101 Pac. 591.)

Edwin McBee, for Respondents.

This is not an order from which an appeal may be taken. The order appealed from continued the temporary restraining order in force until an indemnity undertaking was given by the defendant, and simply suspended the operation of that restraining order for a period of twenty-five days. It is not an order granting or dissolving an injunction within the meaning of sec. 4807, Rev. Codes. The order in this case holds, and has held, as a restraining order against defendants except for the period of twenty-five days after the giving of the undertaking provided in said order. (*Wilson v. Boise City,* 7 Ida. 69, 60 Pac. 84.) The granting or refusing

of an injunction *pendente lite* is within the sound discretion
of the court. (10 Ency. Pl. & Pr. 1008; *Russell v. Farley,*
105 U. S. 433, 26 L. ed. 1060; *Thompson v. Hall,* 67 Ga. 627;
Kerr on Injunctions, pp. 18, 19; *Meyers v. Block,* 120 U. S.
206, 7 Sup. Ct. 525, 30 L. ed. 642.)

The defendants in this case claim a prescriptive right to
use the dam for raising water for the purpose of sluicing
logs. Such a right may be obtained by prescription. (*Swan
v. Munch,* 65 Minn. 500, 60 Am. St. 491, 67 N. W. 1022, 35
L. R. A. 743; Washburn on Easements, p. 156; *Williams v.
Nelson,* 23 Pick. 141, 34 Am. Dec. 45; *Olney v. Fenner,* 2 R.
I. 211, 57 Am. Dec. 711; *Yankee Jim v. Crary,* 25 Cal. 509,
85 Am. Dec. 145.)

A stream capable of floating logs at some seasons every
year is a public highway for such purposes. (*Carter v.
Thurston,* 58 N. H. 104, 42 Am. Rep. 584; *Haines v. Hall,*
17 Or. 165, 20 Pac. 831, 3 L. R. A. 609; *Gaston v. Mace,* 33
W. Va. 14, 25 Am. St. 848, 10 S. E. 60, 5 L. R. A. 392.)

Courts are not very free to grant injunctions to restrain
trespass where it is committed under color of title or right.
(1 Spelling, Ext. Relief, secs. 336-364; *Shields v. Johnson,*
10 Ida. 454, 79 Pac. 394.)

AILSHIE J.—This action was instituted by the plaintiff
to secure an injunction against the defendants, enjoining
them from constructing and maintaining a dam on plaintiff's
premises and thereby flooding portions of his land. The court
granted a temporary restraining order. Subsequently, and
after the defendants had answered and affidavits had been
filed in support of both the complaint and answer, the court
modified the temporary restraining order so as to permit the
defendants to maintain the dam and consequently flood the
lands for twenty-five days, during which time the defendants
were permitted to float logs through plaintiff's premises.
From the order thus modifying the injunction the plaintiff
appealed.

It is contended by respondent that this is not an appeal-
able order under the provisions of section 4807 of the Rev.
Codes. It is argued that this order had the effect of sus-

pending the original injunction for a period of twenty-five days, and at the expiration of that time the plaintiff obtained all the relief he had prayed for. There is no merit in this contention. Whether it be considered an order dissolving the previous order granted, or an order refusing to grant an injunction for a certain length of time, or an order suspending the injunction for twenty-five days, makes no difference. In any case it either grants or denies an injunction and would come clearly under the provisions of the statute and is an appealable order. It certainly did not give appellant the relief for which he applied.

The essential and material facts involved in the case are as follows: Fernan lake is a body of water something like a mile long and about half a mile wide. At the lower end of the lake there is a small stream or outlet draining the overflow waters of the lake into Lake Coeur d'Alene. Plaintiff owns a tract of land bordering the lower end of Lake Fernan and also owns the land through which the stream or outlet from the lake flows. During the high-water season this stream flows considerable volume of water and will float logs, but is very low during the low-water season and is not capable of floating logs. Some time about the year 1900 the plaintiff constructed a dam on his premises across this stream or outlet to the lake so as to raise the waters of the lake something like three feet. By means of this dam the stream could be flooded and logs carried down into Coeur d'Alene lake by the flood water. He appears to have maintained this dam for some time, charging the owners of timber fifty cents per thousand toll for floating their logs through the dam and into Lake Coeur d'Alene during the low water season. Some time subsequent to 1900 and prior to the commencement of this action one Chapin, who owned lands. bordering on Fernan lake, notified plaintiff that if he continued to maintain the dam and flood his (Chapin's) lands, he would hold the plaintiff for such damages as he sustained by reason thereof. For this or some other reason the plaintiff removed a portion of the dam and allowed it to fall into a state of disrepair.

Sometime in the month of March, 1909, and during the low-water season the defendants entered upon plaintiff's premises over his protests and objections and repaired and reconstructed the dam and kept men on hand to guard the same, and proceeded to use the dam for flooding the stream and floating their logs down to Lake Coeur d'Alene. Plaintiff served repeated notices upon them and protested against their action, but they paid no attention to the same and he thereupon commenced this proceeding.

Defendants admit plaintiff's title and ownership as alleged by him and in fact admit all the material allegations of the complaint. They then allege that they have a large quantity of lumber in Lake Fernan—something like two million feet— and that it would cost a large sum to remove the logs in any other way than to float them down this stream; that the stream can be made capable of floating the logs by means of this dam and that to do so will be no material damage to the plaintiff; that plaintiff's land is not good for anything anyway, and that plaintiff's charge of fifty cents a thousand was unreasonable and unjust even if he had a right to charge for such purposes. They also allege that this stream forming the outlet from Lake Fernan is a navigable stream during the high-water season, and capable of floating logs down to Lake Coeur d'Alene. They further allege that it would be a great injury and damage to them if they were not permitted to float their logs down this stream.

The defense in this case is sham and frivolous, and utterly devoid of any element of merit. The fact that it would be more convenient and cheaper for defendants to float their logs down this stream over plaintiff's premises than to remove them in any other way affords no reason whatever for their trespassing upon plaintiff's premises and building dams thereon and maintaining guards to protect the same and flooding his premises. There can be no question but what they have a right to float their logs down the stream when it is navigable. (*Powell v. Springston Lumber Co.*, 12 Ida. 723, 88 Pac. 97; *Johnson v. Johnson*, 14 Ida. 561, 95 Pac. 499.) But this right gives them no license to trespass upon

plaintiff's lands and erect structures thereon and to go and come through and over his premises without let or hindrance. They should be required to respect the private rights of property just the same as anyone else, and the fact that they owned lumber about Lake Fernan or millions of feet of logs floating in the lake furnishes no reason, pretext or excuse whatever for their turning trespassers and wrongdoers themselves and riding over the rights of others. The fact that appellant's land may not be of any particular value for agriculture or any other purpose has nothing to do with this case. It is plaintiff's land and he has a right to use it as he pleases and to exclude everyone else. It does not lie in the mouth of a trespasser to justify his wrongdoing by say-. ing the premises were of no value anyway. He may show that in mitigation of damages but not in justification of his wrongful act.

No right whatever is shown by defendants to do the things complained of, nor do they show even color of title. The only previous use they appear to have ever made of this dam was when they paid the appellant toll for the use. This could never ripen into an easement or prescriptive right. The mere plea of convenience gives them no legal standing. If it did, a man's property rights would never be safe or secure. (*De Camp v. Thompson,* 16 App. Div. 528, 44 N. Y. Supp. 1014; *Banks v. Frazier,* 111 Ky. 909, 64 S. W. 983.) When they bought lumber on Lake Fernan they did so with notice of the existing legal avenues and means of ingress and egress, and if those modes were not sufficient, the law prescribes an ample remedy for securing more ready and available modes. (*Potlatch Lumber Co. v. Peterson,* 12 Ida. 769, 118 Am. St. 233, 88 Pac. 426; *Powell v. Springston Lumber Co.,* 12 Ida. 723, 88 Pac. 97.) But it looks with contempt and disfavor on any attempt at forcible seizure and appropriation of another's property without compensation being first made therefor. That an injunction is the proper relief to be granted in a case of this kind is clearly established. This court has repeatedly held that an injunction is the proper remedy in many cases of trespass. (*Gilpin v. Sierra Nevada*

*Consolidated Min. Co.,* 2 Ida. 696, 23 Pac. 547; *Staples v. Rossi,* 7 Ida. 618, 65 Pac. 67; *Wilson v. Eagleson,* 9 Ida. 17, 108 Am. St. 110, 71 Pac. 613; *Smith v. Alberta & British Col. Ex. & R. Co.,* 9 Ida. 399, 74 Pac. 1071; *Meyer v. First Nat. Bank,* 10 Ida. 175, 77 Pac. 334; *Price v. Grice,* 10 Ida. 443, 79 Pac. 387; *Shields v. Johnson,* 10 Ida. 454, 79 Pac. 394; *Weber v. Della Mountain Min. Co.,* 11 Ida. 264, 81 Pac. 931; *Shephard v. Coeur d'Alene Lumber Co.,* 16 Ida. 293, 101 Pac. 591.)

The order appealed from is *reversed,* with costs in favor of appellant.

Sullivan, C. J., and Stewart, J., concur.